UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Daisy Lynne Meadows,<br><br>Plaintiff,<br><br>v.<br><br>James Dzurenda, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00243-CDS-EJY<br><br>**ORDER** |

On February 7, 2025, the Court issued a Screening Order deferring the ruling on Plaintiff's application to proceed *in forma pauperis* ("IFP"), permitting two claims to proceed, dismissing some claims with leave to amend, and dismissing some with prejudice. ECF No. 6 at 11. The Court gave Plaintiff until March 10, 2025 to file an amended complaint. *Id.* at 12. The Court specifically stated that if Plaintiff chooses not to file an amended complaint by the deadline, this action will proceed on the (1) First Amendment retaliation claim against Defendants Barth, Butcher, Bean, Striplin, Jones, Leal, and Miro, and (2) Fourth Amendment urine analysis claim against Defendants Leal and Shafer. Plaintiff has not filed an amended complaint, thus this action will proceed against Defendants Barth, Butcher, Bean, Striplin, Jones, Leal, Miro, and Shafer.

On March 13, 2025, Plaintiff filed a Motion "to establish clear distinction in court authority jurisdiction principalities and powers dividing lines." ECF No. 9. In her Motion, Plaintiff writes extensively on her position as "God's servant" and how she "will continue to advance in this court[.]" *Id.* at 1–4. Unable to discern what Plaintiff is requesting, the Court denies the Motion without prejudice.

For the foregoing reasons, IT IS HEREBY ORDERED that this action will proceed (1) against Defendants Barth, Butcher, Bean, Striplin, Jones, Leal, and Miro on the First Amendment retaliation claim, and (2) against Defendants Leal and Shafer on the Fourth Amendment urine analysis claim.

IT IS FURTHER ORDERED that Plaintiff's Motion (ECF No. 9) is DENIED without prejudice.

IT IS FURTHER ORDERED that given the nature of the claim(s) that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the Court will determine whether to grant Plaintiff's IFP application, the $350 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this Order is entered, the Office of the Attorney General will file the report form attached to this Order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an Order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

IT IS FURTHER ORDERED that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

IT IS FURTHER ORDERED that if the case does not settle, then the Court will determine whether to grant Plaintiff's IFP application. Plaintiff will be required to pay the full $350.00 statutory filing fee for a civil action regardless of whether the Court grants his IFP application. This fee cannot be waived, and the fee cannot be refunded once the Court enters an Order granting Plaintiff's IFP application. If Plaintiff is allowed to proceed IFP, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed IFP, the full $350 statutory filing fee for a civil action plus the $55 administrative filing fee, for a total of $405, will be due immediately.

IT IS FURTHER ORDERED that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an Order, set the matter for hearing, or both.

IT IS FURTHER ORDERED that if Plaintiff needs an interpreter to participate in the mediation program, Plaintiff will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically provide a copy of this Order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that the Attorney General's Office will advise the Court within 21 days of the date of the entry of this Order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

DATED this 3rd day of April, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Daisy Lynne Meadows,<br><br>                                    Plaintiff<br><br>        v.<br><br>James Dzurenda, et al.,<br><br>                                    Defendants | Case No. 2:24-cv-00243-CDS-EJY<br><br>REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

   On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed.  The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay.  By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

   \_\_\_\_   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

   \_\_\_\_   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

   \_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in*

*this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_   None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____       _____
                              Print                                                          Signature

Address: _____       Phone:_____

_____       Email:_____